IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EDWARD C. HUGLER, Acting
Secretary of Labor, UNITED            3:15-cv-02411-BR
STATES DEPARTMENT OF
LABOR,                                OPINION AND ORDER

          Plaintiff,

v.

WESTSIDE DRYWALL, INC.,
a corporation; and MOHSEN
SALEM, an individual,

          Defendant.


**JANET M. HEROLD**
Regional Solicitor
**CHARLES C. SONG**
Associate Regional Solicitor
**DONNA F. BOND**
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, CA 94103
(415) 625-7758

          Attorneys for Plaintiff

**KYLE D. SCIUCHETTI**
**LAURA CALDERA TAYLOR**
Bullivant Houser Bailey, P.C.
300 Pioneer Tower
888 S.W. Fifth Ave
Portland, OR 97204
(503)228-6351

          Attorneys for Defendants

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on the Motion (#42) for Summary Judgment filed by Defendants Westside Drywall, Inc., and Mohsen Salem[1] on December 1, 2016.

For the reasons that follow, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion.

<u>BACKGROUND</u>

The following facts are taken from the Joint Statement of Agreed Upon Facts (#36), the Complaint (#1) filed by the Department of Labor (DOL), and the parties' materials submitted in support of this Motion and are undisputed unless otherwise noted.

Westside is an Oregon corporation that performs drywall and insulation work and has its principal place of business in Hubbard, Oregon. Salem is the President and Chief Executive Officer of Westside. Westside employs piece-rate, hourly, and salaried employees.

In January 2012 DOL investigated Westside for violations of

---

[1] Although the Motion only explicitly indicates Defendant Westside moves for summary judgment as to DOL's Claims against it, the Motion also appears to seek summary judgment as to DOL's Claims against Defendant Salem. In addition, the record reflects the same counsel represents both Defendants. The Court, therefore, concludes both Defendant Westside and Defendant Salem are moving for summary judgment.

2 - OPINION AND ORDER

the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201, *et seq*. The investigation focused on Westside's failure to maintain accurate employment records and to pay overtime compensation to piece-rate employees. DOL conducted surveillance of Westside's headquarters, subpoenaed Westside's employment records, and took statements from employees. The investigation continued through September 2015.

On December 28, 2016, DOL filed a Complaint in this Court against Defendants. DOL alleges Defendants willfully and repeatedly violated and continue to violate §§ 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay employees overtime compensation when employees work more than forty hours a week. DOL also alleges Defendants willfully and repeatedly violated and continue to violate §§ 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, to keep, to make available, and to preserve records of employees' hours and wages. DOL seeks back wages on behalf of 100 identified employees and liquidated damages equal to the amount of back wages owed. Although DOL does not state the exact amount of damages sought, DOL has indicated the amount in controversy is "over $800,000." Joint Summ. of Disputed Disc. Issues (#41) at 34.

On December 1, 2016, Defendants filed a Motion for Summary Judgment as to all of DOL's claims against them.

3 — OPINION AND ORDER

## STANDARDS

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id.* "This burden is not a light one. . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010). "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues." *Easter v. Am. W. Fin.*,

381 F.3d 948, 957 (9th Cir. 2004)(citation omitted).  A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment." *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011) (citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary." *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Id.*

## **DISCUSSION**

Defendants contend they are entitled to judgment as a matter of law inasmuch as DOL cannot meet its burden to show that Defendants violated the FLSA by failing to pay their employees overtime wages and to maintain employment records.  In the alternative, Defendants contend (1) DOL is limited to recovery of back wages for either a two-year or three-year statute-of-limitations period; (2) the back-wage computation for each

employee should be reduced by the 10 hours DOL attributed to
unreported travel on the ground that there was not any
unreported, compensable travel time; and (3) Defendant Salem is
not individually liable under the FLSA as a matter of law.

## I.   A genuine dispute of material fact exists as to whether Defendants violated the FLSA.

Defendants argue DOL cannot meet its burden to prove that
Defendants violated the FLSA.   In any event, Defendants contend
there is not a genuine dispute of material fact, and, therefore,
they are entitled to judgment as a matter of law as to this
issue.

### A.   The FLSA

Section 7 of the FLSA, 29 U.S.C. § 207(a), sets out the
obligation of an employer regarding the maximum hours an employee
is allowed to work and the compensation required for overtime:

> (1) Except as otherwise provided in this section,
> no employer shall employ any of his employees who
> in any workweek is engaged in commerce or in the
> production of goods for commerce, or is employed
> in an enterprise engaged in commerce or in the
> production of goods for commerce, for a workweek
> longer than forty hours unless such employee
> receives compensation for his employment in excess
> of the hours above specified at a rate not less
> than one and one-half times the regular rate at
> which he is employed.

Section 11 of the FLSA, 29 U.S.C. § 211(c), sets out the
duty of an employer to maintain employee work records:

> Every employer subject to any provision of this
> chapter or of any order issued under this chapter
> shall make, keep, and preserve such records of the

persons employed by him and of the wages, hours,
and other conditions and practices of employment
maintained by him, and shall preserve such records
for such periods of time, and shall make such
reports therefrom to the Administrator as he shall
prescribe by regulation or order as necessary or
appropriate for the enforcement of the provisions
of this chapter or the regulations or orders
thereunder.

**B.    DOL's failure to plead sufficient facts.**

Defendants contend DOL has not pled sufficient facts to
state a claim that Defendants failed to pay overtime wages.
Moreover, Defendants assert DOL's allegations in the Complaint
are conclusory and merely repetitions of statutory language.

The Court notes Defendants asserted as their First
Affirmative Defense in their Answer that DOL's Complaint failed,
in whole or in part, to state a claim on which relief could be
granted. Answer at ¶ 14. On April 25, 2016, the parties filed a
Stipulation (#13) dismissing this Affirmative Defense. Thus, to
the extent that Defendants now seek summary judgment based on a
defense of failure to state facts sufficient to constitute a
claim, the Court denies Defendants' Motion based on the
stipulation of the parties. Moreover, the sufficiency of
allegations in a pleading is not ordinarily tested on a Rule 56
motion, which takes into account the extent to which material
facts are disputed and whether a moving party is otherwise
entitled to judgment as a matter of law. In light of the
parties' Stipulation (#13), the Court concludes the alleged

failure to plead sufficient facts is not an appropriate basis to seek summary judgment.

**C.   Defendants' failure to pay overtime.**

Defendants next contend there is not a genuine dispute of material fact that Defendants paid overtime to their piece-rate employees, and, therefore, Defendants assert DOL cannot establish a *prima facie* case against Defendants for violation of the FLSA on this ground.   Defendants submit the Declaration of Shirine Kernan (#44) to support their position.   Kernan, the Secretary of Westside, submitted copies of "payroll records for some of the pay periods included in the Department of Labor's claims against Westside."   In his Declaration Kernan states: "These records indicate that Westside did in fact pay its piece-rate workers overtime for hours worked over 40 hours per week."

Although a moving party is not necessarily required to negate the opponent's claim conclusively, the court may only grant summary judgment if the record before the court establishes there is not a genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.   *Celotex Corp.*, 477 U.S. at 322.   One of the principal purposes of the summary-judgment rule is to isolate and to dispose of factually unsupported claims or defenses.   *Id.*

Here DOL contends there is a genuine dispute of material fact as to whether Defendants failed to pay piece-rate

employees overtime compensation.  To support this contention DOL

submits statements[2] from several affected employees who state:

Employees arrived at Defendants' office in Hubbard, Oregon,

between 6:00 a.m. and 7:00 a.m.; employees would take a 30-minute

break or eat as quickly as possible to return to work; employees

returned to the offices between 5:00 p.m. and 8:00 p.m.; even

though employees regularly worked more than 40 hours a week, they

were not paid any additional compensation for those overtime

hours; and Defendants paid employees the same per-foot rate

regardless of the number of hours they worked.  DOL also

submitted declarations of their investigators who conducted

surveillance at Defendants' offices.  The investigators observed

non-company vehicles enter the premises by 7:00 a.m. and return

to the premises after 4:00 p.m.

        On this record the Court concludes there is a genuine

dispute of material fact from which a fact-finder could conclude

Defendants violated the requirements of FLSA to pay overtime

compensation to their piece-rate employees.

    **D.    Defendants' failure to maintain records.**

        Defendants also contend there is not a genuine dispute

of material fact that they maintained employee records, and,

therefore, Defendants assert DOL cannot prove Defendants violated

---

        [2]  Employees' statements referred to herein were submitted
with DOL's Memorandum in Opposition to Defendants' Motion.

9 - OPINION AND ORDER

§§ 11 and 15(a)(5) of the FLSA.  Defendants also argue they produced all records of their employees' wages, hours, and other working conditions as requested by DOL during the course of its investigation.

DOL, however, contends Defendants failed to maintain accurate records of the hours worked by employees as required under the FLSA.  DOL relies on the statements of the affected employees that they were told by supervisors not to put all of their hours on their time sheets; they could only indicate eight hours each day for Monday through Friday; the hours did not matter because they were paid by the foot; and if anyone recorded more than eight hours per day, they would be sent home.  According to employees, no matter how many hours an employee recorded on his time sheet, his paycheck only showed him working 80 hours in two weeks; employees were sent home and not given any work the following day if they recorded working 12 hours; and employees sometimes did not bother to put the number of hours worked on their time sheets under these circumstances.

On this record the Court concludes a genuine dispute of material fact exists from which a fact-finder could conclude Defendants violated the requirements of FLSA to maintain records of employees time, wages, and other conditions.

In summary, the Court concludes genuine disputes of material fact exist as to Defendants' alleged violation of §§ 7, 11,

15(a)(2), and 15(a)(5) of the FLSA regarding overtime compensation and failure to maintain records.  The Court, therefore, denies Defendants' Motion as to these issues.

## II.  The three-year statute of limitations applies to DOL's claims.

Defendants contend DOL seeks damages for alleged violations beyond the applicable statute of limitations.  DOL responds that the statute of limitations should be equitably tolled.

Generally the applicable statute of limitations for FLSA claims based on withheld overtime compensation is two years from the date the claim for relief accrued.  The two-year statute of limitations maybe be extended to three years, however, for a "willful violation" of the FLSA.  29 U.S.C. § 255(a).  The determination of the applicable statute of limitations is a purely legal issue for the Court.  *Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 694 (9th Cir. 2003).

DOL filed its Complaint on December 28, 2015.  Defendants assert DOL's overtime back-wages claim in the amount of $403,319.49 relies on time sheets from March 2012 through September 2014.  Defendants point out that the period from March 2012 through December 2013 is beyond the two-year statute of limitations, and, therefore, Defendants contend DOL's back-wage claim must be reduced by $231,114.20.  Defendants also point out that even if the Court applies a three-year statute of limitations, the period from March 2012 through December 2012 is

also beyond the three-year statute of limitations period and
DOL's claim would, therefore, have to be reduced by $173,266.43.

DOL, in turn, asserts the applicable statute of limitations
should be equitably tolled because Defendants concealed their
failure to pay overtime compensation and, as a result, hindered
DOL from detecting Defendants' violations of the FLSA.  DOL also
contends Defendants' conduct was willful, and, therefore, if the
Court does not equitably toll the statute of limitations the
Court should apply the three-year statute of limitations.

### A.    Equitable tolling.

In general "[e]quitable tolling applies when the
plaintiff is prevented from asserting a claim by wrongful conduct
on the part of the defendant or when extraordinary circumstances
beyond a plaintiff's control made it impossible to file a claim
on time."  *Goudie v. Cable Commc'ns, Inc.*, No. 3:08-cv-00507,
2008 WL 4861649, at *1 (D. Or. Nov. 8, 2008)(citing *Stoll v.
Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999)).  Equitable tolling
is also applied in situations when the party invoking equitable
tolling is unable to obtain vital information bearing on the
existence of the claim.  *Cervantes v. Countrywide Home Loans,
Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011).  The doctrine "is
extended sparingly and only where claimants exercise diligence in
preserving their legal rights."  *Gessele v. Jack in the Box,
Inc.*, 6 F. Supp. 3d 1141, 1162 (D. Or. 2014).  *See also Irwin v.*

*Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

DOL contends the statute of limitations should be tolled in this case because Defendants misled their employees regarding their rights under the FLSA during the period of their employment by telling them that they were not eligible to receive overtime pay and when they instructed employees not to report all of their hours worked on their time sheets.

According to Defendants, however, DOL has not presented any evidence that Defendants prevented DOL or any employee from asserting a claim for unpaid overtime during the period of their employment, and Defendants maintain they provided DOL with all employment records including payroll records and time sheets when DOL began its investigation.

On this record the Court agrees there is not any evidence that Defendants' conduct affirmatively prevented any employee from asserting their rights under the FLSA during the period of their employment.  Although the record reflects Defendants told employees they were not eligible for overtime and instructed them not to put more than 40 hours on their time sheets, that conduct does not prove Defendants made it impossible for employees to assert claims under the FLSA.  Indeed, the record reflects employees stated they knew they were not being paid overtime when their paychecks reflected pay for only 80 hours even when they recorded more hours on their time sheets.

The record also reflects Defendants did not affirmatively conceal any information from DOL. Defendants provided DOL with employee records at the time DOL commenced its investigation, and, to that extent, DOL possessed information bearing on the existence of employees' possible claims against Defendants.

Accordingly, the Court concludes the circumstances of this case do not support equitable tolling, and, therefore, the Court denies DOL's request for an equitable tolling of the statute of limitations.

**B.    Defendants' Allegedly Willful Violations.**

In order to show that an FLSA violation is "willful," the DOL has the burden to demonstrate that Defendants "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA]." *Chao v. A-One Med. Servs. Inc.*, 346 F.3d 908, 918 (9th Cir. 2003)(citation omitted). When determining an employer's legal obligation under the FLSA, it is insufficient for the DOL merely to present evidence of an employer's negligence. *Flores v. City of San Gabriel*, 824 F.3d 890, 906 (9th Cir. 2016)(citing *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).

DOL asserts the record in this matter establishes Defendants were concealing their failure to pay overtime compensation to their employees, and, therefore, DOL contends

Defendants' actions were "willful." According to DOL, employees stated Defendants told the employees they were not eligible for overtime pay and instructed them not to report all hours worked on their time sheets, one employee stated a supervisor told him to put no more than 40 hours per week on his time sheet, and another employee stated his paychecks always showed 80 hours for two-week periods no matter how many hours he listed on his time sheet. The Court notes Defendants did not controvert these employees' statements for purposes of this Motion.

Although such statements may not support a finding that Defendants affirmatively "interfered" with employees' rights, the Court concludes the employees' statements at least indicate Defendants' reckless disregard for the requirements of the FLSA.

In *McLaughlin v. Richland Shoe Company* the United States Supreme Court stated:

> In common usage the word "willful" is considered synonymous with such words as "voluntary," "deliberate," and "intentional." See Roget's International Thesaurus § 622.7, p. 479; § 653.9, p. 501 (4th ed. 1977). The word "willful" is widely used in the law, and, although it has not by any means been given a perfectly consistent interpretation, it is generally understood to refer to conduct that is not merely negligent. The standard of willfulness that was adopted in *[Trans World Airlines, Inc. v.] Thurston* [469 U.S. 111, 128 (1985)]-that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute-is surely a fair reading of the plain language of the [FLSA].

486 U.S. 128, 133 (1988). *See also Alvarez v. IBP, Inc.*, 339

F.3d 894, 909 (9th Cir. 2003)(to prove willful violation of FLSA required evidence of an employer's "knowing or reckless disregard" for whether its conduct was prohibited)(citations and internal quotes omitted)).

In *Chao v. A-One Medical Services, Inc.*, the Ninth Circuit held the uncontroverted statements by the employees that their employer advised they were not eligible for overtime pay for various reasons supported a finding of willfulness, and, therefore, the court applied the three-year statute of limitations.  346 F.3d 908, 918-19 (9th Cir. 2003).

Based on *McLaughlin*, *Alvarez, Chao,* and this record, the Court concludes there is a genuine issue of material fact as to whether Defendants' alleged violations of the FLSA were willful, and, therefore, if that question is resolved against Defendants, the three-year statute of limitations applies in this matter.  Accordingly, DOL may not recover damages for any alleged violations of the FLSA requirement to pay overtime compensation arising before December 28, 2012, and DOL may recover for such violations on or after that date only if it prevails in establishing Defendants acted "willfully."

**III. A genuine dispute of material fact exists as to whether employees were paid for compensable travel time to and from Defendants' warehouse and job sites and for travel time between job sites.**

Defendants also argue DOL's calculation of time for determining back wages should be reduced by 10 hours for each

employee because employees are not entitled to compensation for
travel time from their homes to a job site and back, employees
are not entitled to compensation for travel time from Defendants'
warehouse to a job site and back, and employees were paid for
travel time between job sites.

DOL does not contest Defendants' position that employees are
not entitled to compensation for travel time from their homes to
either Defendants' warehouse or to the job site and back.   Pl.'s
Opp'n at 11-15.   According to DOL, however, travel between
Defendants' warehouse and job sites is compensable, and employees
were not paid for such travel because that time was not recorded.

29 U.S.C. § 254(a)(2) provides the following activities are
not compensable:   "activities which are preliminary to or
postliminary to said principal activity or activities, which
occur either prior to the time on any particular workday at which
such employee commences, or subsequent to the time on any
particular workday at which he ceases, such principal
activities."

**A.   Travel from warehouse to job sites and back.**

29 C.F.R. § 785.38 provides:

> Time spent by an employee in travel as part of his
> principal activity, such as travel from job site
> to job site during the workday, must be counted as
> hours worked.   Where an employee is required to
> report at a meeting place to receive instructions
> or to perform other work there, or to pick up and
> to carry tools, the travel from the designated
> place to the work place is part of the day's work,

and must be counted as hours worked regardless of
contract, custom, or practice.  If an employee
normally finishes his work on the premises at 5
p.m. and is sent to another job which he finishes
at 8 p.m. and is required to return to his
employer's premises arriving at 9 p.m., all of the
time is working time.  However, if the employee
goes home instead of returning to his employer's
premises, the travel after 8 p.m. is home-to-work
travel and is not hours worked.

Defendants contend the employees were not required to
report to Defendants' warehouse before departure to the job site
nor required to return to the warehouse from the job site, and,
therefore, the time for employees to travel from the warehouse to
the job site and back is not compensable.

In response DOL asserts the evidence shows employees
were told to begin and to end their day by reporting to
Defendants' warehouse and were told to arrive between 6:00 a.m.
and 6:30 a.m. each day.  In particular, DOL emphasizes employees
stated:  (1) they met with supervisors to obtain work orders for
the day when they arrived in the morning, loaded trucks with
materials, and waited in line to refuel vehicles; (2) there was
not a set schedule for their return, they generally believed they
had to stay as long as it took to finish their work, and they
routinely returned to the warehouse after 5:00 p.m.; (3) they
were not allowed to take company vehicles home; and (4) they
performed other tasks when they returned vehicles to the
warehouse such as removing garbage from the vehicles, cleaning
and organizing vehicles for the next day, making changes to work

orders to reflect additional work completed beyond the original
assignment, and making notes on the work order regarding the work
completed and the work that remained to be done.   DOL contends
this evidence, contrary to Defendants' assertion, shows employees
were only allowed to drive directly from home to job sites if
they received permission from supervisors and that such
permission was rarely given.

On this record the Court concludes a genuine dispute of
material fact exists as to whether employees were compensated for
travel from the warehouse to job sites and back.   Accordingly,
the Court denies Defendants' Motion for Summary Judgment as to
this issue.

**B.   Travel time between job sites.**

Defendants concede travel from one job site to another
during the work day is compensable travel time pursuant to DOL
regulations.   Defs.' Memo. in Support of Mot. for Summ. J. at 18.
Defendants contend, however, the location of the job site and the
distance that employees would have to travel was taken into
consideration when Defendants set the rate for piece-rate workers
on a particular job, and, therefore employees who worked jobs
farther away received a higher piece rate.   Defendants also
contend employees recorded their time, including travel between
sites, on their time cards and were paid for that time.

Again, DOL emphasizes the employees' time sheets were

not accurate because employees were told to record only the
piece-rate multiplied by the footage of each job rather than the
actual hours and because employees stated they spent between
30 minutes and several hours traveling between jobs each day and
that they were not paid for that time.

On this record the Court concludes a genuine dispute of
material fact exists as to whether employees were compensated for
travel between job sites.  Accordingly, the Court denies
Defendants' Motion for Summary Judgment as to this issue.

## IV.  Defendant Salem's personal liability.

DOL seeks to hold Defendant Salem personally liable as an
employer for the alleged overtime violations of the FLSA.
Defendants, however, contend the evidence shows Salem is not an
"employer," and, therefore, he cannot be held personally liable.

Only "employers" are liable for violations of the FLSA.  The
FLSA defines an "employer" to include "any person acting directly
or indirectly in the interest of an employer in relation to an
employee."  29 U.S.C. § 203(d).  This definition is "given an
expansive interpretation in order to effectuate the FLSA's broad
remedial purposes."  *Boucher v. Shaw*, 572 F.3d 1087, 1090 (9th
Cir. 2009).  An individual may be personally liable for FLSA
violations if he or she "exercises control over the nature and
structure of the employment relationship" or "economic control
over the relationship."  *Id. at* 1091 (internal quotation

omitted).  The analysis must include the "circumstances of the whole activity" with a particular focus on the "economic reality" of the employment relationship.  *Id.*

Defendants assert Salem is merely a "figurehead" for the company:  He does not have the authority to hire and to fire employees; he does not control the schedule or conditions of employment; although he visits job sites, he does not supervise the work being done; and he does not have authority over employment records or bookkeeping.  In addition, Defendants contend there is not any evidence to show that Salem is responsible for the pecuniary supervision of employees.

DOL contends a genuine dispute of material fact exists regarding Salem's position and authority.  Shirine Kernan, the Secretary of Westside, testified in deposition that Salem started Westside in 1991 and is the sole owner.  Kernan also testified Salem is one of six people at Westside with the authority to hire and to fire employees, and he is responsible for supervising piece-rate employees.  DOL also points to Salem's own testimony that he arrives at the office everyday at 5:00 a.m. and spends about 20 percent of his time in the office, visits job sites, meets with the executive leadership team, participates in company-wide safety meetings and personally supervises the safety director, and sets the salaries of several Westside managers.  DOL also notes Salem testified he has the authority to hire and

to fire others even though he did not use that authority.

On this record the Court concludes a genuine dispute of material fact exists as to whether Salem was an "employer" for purposes of personal liability for alleged violations of the FLSA.  Accordingly, the Court denies Defendants' Motion for Summary Judgment as to this issue.

### CONCLUSION

For these reasons, the Court **GRANTS in part** and **DENIES in part** Defendants' Motion (#42) for Summary Judgment. Specifically, the Court **GRANTS** Defendants' Motion as to the issue that the applicable statute of limitations is three years, and the Court **DENIES** Defendants' Motion in all other respects.

IT IS SO ORDERED.

DATED this 14th day of March, 2017.

_____
ANNA J.   BROWN
United States District Judge